**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1889-21

IN THE MATTER OF THE
IRREVOCABLE TRUST OF
JOHN L. MARCHISOTTO,
DECEASED.

_____

Submitted October 30, 2023 – Decided November 13, 2023

Before Judges Marczyk and Chase.

On appeal from the Superior Court of New Jersey, Chancery Division, Middlesex County, Docket No. 18-000394.

John F. Marchisotto, appellant pro se.

Respondent Debra E. Canova has not filed a brief.

PER CURIAM

Petitioner John F. Marchisotto appeals from January 11 and February 8, 2021 Chancery Division orders granting the trustee's motion to withdraw funds deposited with the Superior Court Trust Fund and making a final distribution of the estate. We affirm.

On October 2, 2016, decedent, John L. Marchisotto, died testate, leaving three children: petitioner, defendant Debra Canova, and Diane Cusack. Prior to his death, decedent had retained Louis Lepore, Esq. ("Lepore"), to prepare new estate planning documents, including a will, an irrevocable trust instrument, and a durable power of attorney appointing Canova. In November 2016, Canova was appointed the executrix of decedent's estate and trustee of the John L. Marchisotto Irrevocable Trust (the "Trust").

Petitioner has an extensive history of litigation in both state and federal court involving the Trust, decedent's estate, and various parties involved with the estate—including family members, attorneys, banks, and trial and appellate judges from both New Jersey and New York. Petitioner's unopposed brief and lengthy appendices do not provide a clear picture of where the litigation currently stands in these various courts.

The underlying facts involved in this matter are set forth in our prior opinion and will not be repeated here as the parties are aware of the litigation and claims made by petitioner. In the Matter of the Irrevocable Trust of John L. Marchisotto, Deceased, No. A-3453-19 (App. Div. Apr. 21, 2022) (slip op. 1-23). There, we affirmed the dismissal of petitioner's complaint with prejudice

A-1889-21

for failure to answer discovery and because his claims lacked any substantial factual support.

By reviewing the orders and opinions issued by the trial court in this case, it appears that on January 5, 2022, the trial court placed findings on the record and granted a motion filed on behalf of Canova, as trustee, to withdraw funds deposited with the Superior Court Trust Fund and make a final distribution of the estate. These findings were later documented in the January and February 2021 orders. The orders instructed the Superior Court in Middlesex County to issue a check to the Trust for $612,541.94, to be distributed to members of the Trust. The check was to be mailed to Lepore as a representative of the Trust and trustee Canova.

Petitioner challenges the trial court's orders and raises the following arguments:

> POINT 1: THE TRIAL COURT ERRED IN GRANTING [THE] ORDER ON [FEBRUARY 8, 2022, THE] JUDGE . . . SIGNED A "FALSE" PROPOSED ORDER EMAIL[ED] TO HIM BY . . . LEPORE . . . TO ALLOW HIM TO FRAUDULENTLY WITHDRAW $612,541.94 MONIES FROM THE SUPERIOR COURT OF NEW JERSEY TRUST FUND UNIT "FALSELY STATING[:" ]"NO OTHER PERSON OR PARTY IS ENTITLED TO ANY PORTION OF THE DEPOSIT BEING WITHDRAWN[.]" RAISED BELOW

A-1889-21

POINT 2: THE TRIAL COURT ERRED IN GRANTING [THE] ORDER ON [JANUARY 11, 2022. THE] JUDGE . . . WAS ALSO VERY WELL INFORMED ABOUT THERE BEING $142,060.53 OF MISSING ESTATE/TRUST MONIES THAT WERE NOT IN THE ESTATE/TRUST BANK ACCOUNTS IN DECEMBER 2018 WHEN JPMORGAN CHASE HAD FROZEN THOSE THREE BANK ACCOUNTS AND LIABLE FOR BOTH CIVIL AND CRIMINAL DAMAGES TO PLAINTIFF[.] RAISED BELOW

POINT 3: THE TRIAL COURT ERRED IN GRANTING ORDER[S] [ON JANUARY 11, 2022 AND FEBRUARY 8, 2022. ] . . . LEPORE . . . , BACKFILED [THE] JULY, AND SEPTEMBER 2021 MOTIONS . . . [, WHICH] VIOLATES BOTH THE RES JUDICATA DOCTRINE, AND COLLATERAL ESTOPPEL[.] RAISED BELOW

POINT 4: THE TRIAL COURT ERRED IN GRANTING ORDER[S] [ON JANUARY 11, 2022 AND FEBRUARY 8, 2022. ] . . . LEPORE . . . DOES NOT MAINTAIN PROFESSIONAL LIABILITY INSURANCE, AND HAS WILLFULLY PERJURED HIMSELF BEFORE EVERY COURT IN THE STATE OF NEW JERSEY INCLUDING FEDERAL COURT[,] FALSELY CLAIMING TO ONLY BE A SOLE PROPRIETORSHIP, WHEN HE HAS A P.C. AND NUMEROUS LLC'S CONNECTED TO HIS LAW OFFICES, WHICH IS REQUIRED UNDER [RULES] 1:21-[1]A ("PROFESSIONAL CORPORATIONS FOR THE PRACTICE OF LAW"), 1:21-[1]B ("LIMITED LIABILITY COMPANIES FOR THE PRACTICE OF LAW"), AND 1:21-[1]C ("LIMITED LIABILITY PARTNERSHIPS FOR THE PRACTICE OF LAW")[.] RAISED BELOW

Trial judges are afforded wide discretion in deciding many of the issues that arise in civil. See, e.g., Matter of Gloria T. Mann Revocable Tr., 468 N.J. Super. 160, 165-66 (App. Div. 2021). Appellate courts review those decisions for an abuse of discretion. "A court abuses its discretion when its 'decision is made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" State v. Chavies, 247 N.J. 245, 257 (2021) (quoting State v. R.Y., 242 N.J. 48, 65 (2020)). "[A] functional approach to abuse of discretion examines whether there are good reasons for an appellate court to defer to the particular decision at issue." R.Y., 242 N.J. at 65 (alteration in original) (quoting Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002)). "When examining a trial court's exercise of discretionary authority, we reverse only when the exercise of discretion was 'manifestly unjust' under the circumstances." Newark Morning Ledger Co. v. N.J. Sports & Exposition Auth., 423 N.J. Super. 140, 174 (App. Div. 2011) (quoting Union Cnty. Improvement Auth. v. Artaki, LLC, 392 N.J. Super. 141, 149 (App. Div. 2007)).

We glean from petitioner's brief that he essentially argues there was fraud. Petitioner, without any factual support, alleges instances of fraudulent behavior by Canova, Canova's attorney as representative of the trust, and the trial court. Beyond these assertions, petitioner provides no applicable legal principles to

5

support his claims. In granting the orders to withdraw and distribute funds, the trial court denied petitioner's request for any further accounting that would result in a further delay in distributing the funds to the trust. As petitioner only made conclusory and circular arguments, the court disagreed that there were any issues present with Lepore's accountings of the trust or estate.

Based upon our review of the record and controlling law, we conclude the trial judge's rulings were factually and legally correct. Having considered petitioner's arguments on appeal through the same lens, we conclude they are without merit and do not warrant further discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

6                                                                    A-1889-21